# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SONYA GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17CV00406 AGF |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Sonya Gray was not disabled, and thus not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. For the reasons set forth below, the decision of the Commissioner will be reversed and the case remanded for further consideration.

## BACKGROUND

Plaintiff, who was born on August 27, 1962, filed her application for SSI benefits on August 9, 2013 (at the age of 51), alleging disability as of that date due primarily to depression, high blood pressure, arthritis, and lower back pain. Plaintiff's application was denied at the initial administrative level, and pursuant to her request, a hearing was held before an Administrative Law Judge ("ALJ") on September 9, 2015. After the hearing,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit.

the ALJ ordered an orthopedic consultative examination, which was conducted by Stanley London, M.D. (the "consulting examiner"), on October 13, 2015.

By decision dated January 22, 2016, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work, and based on the Commissioner's Medical-Vocational Guidelines ("Guidelines"), 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.00, rules 202.13-.15, was not disabled under the Social Security Act. Plaintiff's request for review by the Appeals Council of the Social Security Administration was denied on December 5, 2016. Plaintiff has thus exhausted all administrative remedies and the ALJ's decision stands as the final agency action now under review.

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence in the record as a whole. More specifically, Plaintiff argues that the ALJ erred in not accounting for Plaintiff's nonexertional limitations (such as her limited capacity to stoop, bend, and squat) found by the two medical opinions – the December 2, 2013 opinion of non-examining medical consultant Nancy Ceasar, M.D., and, more significantly, the consulting examiner's opinion to which the ALJ assigned "great weight." Plaintiff further argues that by not requesting a Medical Source Statement from the consulting examiner, the ALJ failed in her responsibility to develop a full and fair record. Plaintiff maintains that these errors were not harmless because they resulted in the ALJ improperly relying on the Guidelines to find that Plaintiff was not disabled. Plaintiff seeks remand for a new hearing and decision based upon a completed record.

Defendant argues that the ALJ properly weighed the opinion evidence in the record;

2

that the ALJ's decision is supported by substantial evidence, including Plaintiff's daily activities, work history, treatment notes, and "improvement"; that the ALJ fully and fairly developed the record; and that the ALJ properly relied on the Guidelines to determine that Plaintiff was not disabled.

**Agency Records, Medical Records, and ALJ's Decision**

The Court adopts the facts set forth in Plaintiff's Statement in Uncontroverted Facts (ECF No. 16-1), with the exception of ¶ 19 which Defendant disputes as a legal conclusion, and the facts set forth in Defendant's Statement of Additional Material Facts (ECF No. 19-2), accepting Plaintiff's gloss that these facts describe Plaintiff's condition during the relevant time period of 2012 through 2016 and not to the present. Together, these facts provide a fair description of the record before the Court. Specific facts will be discussed as needed to address the parties' arguments.

## DISCUSSION

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse . . . merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after

3

review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016).

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If not, the Commissioner decides whether the claimant has a severe impairment or combination of impairments. If an impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform her past relevant work.

"An ALJ determines a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of her limitations." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (citation omitted). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical

evidence of the claimant's ability to function in the workplace. The ALJ may not simply draw his own inferences about plaintiff's functional ability from medical reports." *Id*.

If the claimant cannot perform her past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors – age, education, and work experience. *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). When a claimant can perform the full range of work in a particular exertional category of work listed in the regulations (medium, light, and sedentary), the ALJ can meet the step-five burden by relying on the Guidelines, which are fact-based generalizations about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience. *Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006).

When a claimant's nonexertional impairments "significantly limit" the claimant's RFC to perform the full range of Guideline-listed activities, the ALJ may not rely on the Guidelines, but must produce testimony by a Vocational Expert, or other similar evidence, to meet the step-five burden. *Id*. A "non-exertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Non-exertional limitations include difficulty functioning due to pain, and difficulty performing the manipulative or postural functions of some work such as reaching,

handling, stooping, climbing, crawling, or crouching. *Id*. § 404.1569a(c)(1). "T]he ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Combs*, 878 F.3d at 647-48 (*quoting Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010)).

**The ALJ's RFC Determination**

As noted above, the ALJ determined that Plaintiff retained the RFC to perform the full range of light work. The Commissioner's regulations define "light work" as work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of up to ten pounds, and that might require a good deal of walking or standing, sitting most of the time, and some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b). Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6, elaborates that the full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight hour work day, while sitting may occur intermittently during the remaining time; that the lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping; and that many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. SSR 83-10, 1983 WL 31251, at *6 (1983).

As noted above, the consulting examiner conducted an orthopedic consultative examination on October 13, 2015. His report (Tr. 678-85) noted that Plaintiff, who was 62" tall and weighed 231 pounds, was a "somewhat obese individual who appears in pain with any kind of movement." He reported that Plaintiff "walks very slowly, limping

because of her knees and her back. She cannot heel walk, she cannot toe walk, she cannot hop, she cannot squat. Gets off and on the table with a great deal of difficulty." The consulting examiner noted that "[s]traight leg lifting is essentially 0 on the right and 15 degrees on the left. She flexes to 40 degrees, can't extend at all, tilts and turns 20 degrees, all producing pain all over her body and in her back and in her left side."

The consulting examiner diagnosed Plaintiff with degenerative joint disease in her knees and degenerative joint and disc disease in her back. He reported that x-rays of Plaintiff's knees showed degenerative changes with joint space narrowing, and x-rays of Plaintiff's spine confirmed degenerative joint and disc disease. In assessing Plaintiff's range of motion, the consulting examiner found her restricted in knee flexion-extension, grip strength with both hands, lumbar spine flexion-extension, lumbar lateral flexion, and leg strength.

The ALJ gave "great weight" to the consulting examiner's impressions and findings, concluding that they were "generally consistent with the objective studies." Tr. 20-21. But the ALJ did not ask the consulting examiner to complete a Medical Source Statement, and accordingly, the record does not contain the consulting examiner's opinions as to Plaintiff's capacity for standing, walking, lifting, stooping, etc.

As Plaintiff argues, "[b]ecause a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Combs*, 878 F.3d at 646. However, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829

F.3d 926, 932 (8th Cir. 2016). Here, the ALJ ordered a consultative orthopedic examination and believed that the consulting examiner's report based on that examination was entitled to "great weight." But the ALJ did not explain, not does the Court perceive, how that report supports a conclusion that Plaintiff can perform the full range of light work. Indeed, the report suggests the opposite.

The Court believes that the case should be remanded for further consideration. On remand, the Commissioner might obtain a Medical Source Statement and/or might assess an RFC that includes limitations based on non-exertional impairments and obtain the testimony of a vocational expert on whether there exist jobs in the economy a person with such an RFC could perform. Or the ALJ might explain how, by giving the consulting examiner's report "great weight," a conclusion that Plaintiff can perform the full range of light work is supported by the record.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** consistent with the above.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 8th day of March, 2018